BERZON, Circuit Judge,
concurring:
I concur in Judge O’Scannlain’s opinion, which I believe correctly applies our precedents regarding the discretionary function exception to the troubling facts of this ease. I agree with Judge Kleinfeld, however, that our jurisprudence in this area has gone off the rails. In particular, in my view, Miller v. United States was wrong when it concluded that the decision at issue “need not be actually grounded in policy considerations” but need only be, “by its nature, susceptible to a policy analysis.” 163 F.3d 591, 593 (9th Cir.1998); see also GATX/Airlog Co. v. United States, 286 F.3d 1168, 1174, 1178 (9th Cir.2002).
Miller purported to derive that rule from United States v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). But that is not what Gaubert says — it says the opposite, that “the exception protects only governmental actions and decisions based on considerations of public policy.” Id. at 323, 111 S.Ct. 1267 (emphasis added, internal quotation marks omitted).
Gaubert then went on to indicate that susceptibility to a policy analysis, which Miller elevated to the ultimate question, was relevant insofar as it established a strong presumption “that the agent’s acts are [in fact ] grounded in policy.” Id. at 324, 111 S.Ct. 1267. But nothing in Gau-bert suggests that the presumption is not rebuttable, or switches the foundational question from whether the decision was “based on considerations of public policy” to whether it hypothetically could have been.
Were I considering the issue in the first instance, I would hold that the Gaubert presumption can be rebutted with a clear showing that a decision was not- actually based on policy considerations, even if the decision was susceptible to a hypothetical policy analysis. In other words, in my view the proper rule is this: In every case, the relevant decision does need to be “actually grounded in policy considerations,” but, as a practical and evidentiary matter, the fact that a decision is “susceptible to a policy analysis” creates a strong presumption that it was actually made for policy reasons, rebuttable only by persuasive evidence to' the contrary. See Miller, 163 F.3d at 593.
Miller is the law of our circuit, however, and contrary to Judge Kleinfeld’s wishful thinking, has not been limited or undermined. See GATX/Airlog Co., 286 F.3d at 1174, 1178. While I believe Miller should be reconsidered, we are bound to apply if. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (en banc). I therefore, with some reluctance, concur.